**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

| | |
|---|---|
| RANDY JENKINS HARMON, | |
| Plaintiff, | CIVIL ACTION NO.: 6:20-cv-55 |
| v. | |
| TERENCE KILPATRICK, et al., | |
| Defendants. | |

**O R D E R**

Plaintiff, proceeding pro se and *in forma pauperis*, filed seven separate causes of action relating to his placement and continued confinement in Tier II administrative segregation while he was housed at Smith State Prison in Glennville, Georgia.  Doc. 3.  The Honorable R. Stan Baker recently consolidated the five open cases, finding judicial economy would be best served by the Court's consideration of Plaintiff's claims in one civil action.  Id.[1]

In light of these circumstances and Judge Baker's recent Order, I **ORDER** Plaintiff to file a single, consolidated Complaint in this cause of action detailing his claims relating **only** to his placement and continued confinement in Tier II segregation at Smith State Prison **within 14 days of this Order**.  The Court cautions Plaintiff he is not to reassert any claims or rename any entities this Court has already dismissed.  R. & R. & Order, Harmon v. Williams, 6:18-cv-83 (S.D. Ga. Jan. 17 & Feb. 7, 2020), ECF Nos. 17, 19 (dismissing Plaintiff's claims for monetary

---

[1] As Judge Baker noted, the Honorable J. Randal Hall, Chief Judge, had already consolidated two of Plaintiff's causes of action before transferring three other cases to Judge Baker for his plenary review. Doc. 3 at 3 n.3.

damages against Defendants in their official capacities, claims concerning being strip searched and having property confiscated, and claims against Smith State Prison, Gregory Dozier, and the Georgia Department of Corrections).  Plaintiff's new complaint should be titled "Consolidated Complaint."

Once filed, Plaintiff's Consolidated Complaint will supersede and replace all of his earlier complaints in these consolidated actions.  Therefore, Plaintiff's Consolidated Complaint **must not** refer back to any earlier complaint or any prior attachments and **must not** incorporate by reference any part of the earlier complaints.  Plaintiff is advised claims made against particular Defendants in Plaintiff's earlier complaints are not preserved unless they are also set forth in the Consolidated Complaint.[2]  Once Plaintiff submits his Consolidated Complaint, the Court will provide the parties with instructions regarding the course of proceedings.

**Failure to comply with this Order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the District Judge the case be dismissed without further notice for failure to prosecute and failure to follow a Court Order.**  Additionally, the Court reminds Plaintiff of his obligation to inform the Court of any change in address in writing.  Plaintiff's failure to do so will also result in the recommended

---

[2]  The Court notes the following individuals have been previously named as Defendants in these consolidated actions: Terence Kilpatrick, Yolanda Byrd, George Rebing, Jesse Honell, Warden Doug Williams, Lt. Deric Godfrey, CO Tammy Watkins, CO Scherika Wright, Jonathan Santiago, Nicole Johnston Bennett, Denis Collier, Sgt. Justin Jose Maldonado, CO II Venicestare Shepard, Special Agent Cindy L. Smith, Sgt. Brad Laurence, Cpt. Jordan Wicker, Kendric Jackson, and Chantel D. Howard.  To the extent Plaintiff seeks to assert claims in his Consolidated Complaint against any or all of these individuals, Plaintiff must expressly identify the individual and the basis for his claim against that individual.  To be clear, Plaintiff is not required to name each previously named individual in the Consolidated Complaint, but only those individuals sufficiently identified in the Consolidated Complaint will be Defendants in this action going forward.

dismissal of his cause of action.

**SO ORDERED**, this 8th day of January, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA